IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–00594–REB–KMT

HARTFORD CASUALTY INSURANCE COMPANY, an Indiana corporation,

    Plaintiff,

v.

SAMUEL ENGINEERING, INC., a Colorado corporation,

    Defendant.

**AMENDED ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on Defendant Samuel Engineering, Inc's "Unopposed Motion to Stay Proceedings on All Claims beyond Those Addressed in the Pending Cross-Motions for Summary Judgment." (Doc. No. 43, filed Jan. 21, 2014.)

**BACKGROUND**

This is a declaratory judgment action brought under 28 U.S.C. § 2201 for the adjudication of the parties' rights and duties under an insurance policy issued by Plaintiff Hartford Casualty Insurance Company ("Hartford") to Defendant Samuel Engineering, Inc. ("Samuel").

Samuel seeks coverage under a business-liability policy and an umbrella-liability policy ("the policies") relating to claims for which Samuel is the target in two different lawsuits pending in Ontario, Canada (the "Underlying Litigation").

1

In August 2012, Samuel sought liability insurance coverage from Hartford including defense and indemnification related to the Underlying Litigation. Hartford accepted Samuel's tender of the defense in the Underlying Litigation, under full reservation of rights, and has been defending Samuel since March 7, 2013.

On the same date, Hartford initiated this action seeking declaratory judgment as to its rights and duties under the policies, as well as alternative claims for rescission and reformation. Samuel brought counterclaims for bad-faith breach of insurance contract and violations of Colo. Rev. Stat. §§ 10-3-1115 and 1116.

The parties submitted Cross Motions for Summary Judgment seeking a judicial determination of whether Hartford owes Samuel a duty to defend. (*See* Doc. Nos. 20 & 21.) Those Cross-Motions were fully briefed as of August 12, 2013. (*See* Doc. Nos. 22 & 23) (*See also* Sched. Order, Doc. No. 18 (summary judgment briefing to include simultaneous motions and responses).)

Samuel maintains that all of the remaining claims in this action depend on the facts as developed in the Underlying Litigation. Samuel represents that discovery in the Underlying Litigation will not begin until May or June 2014 and trial will not occur until late-2014, at the earliest. In this action, however, discovery was completed on December 26, 2013 and trial is set for April 2014. As such, Samuel requests a stay of all proceedings in this action until the conclusion of the Underlying Litigation.[1]

---

[1] In the Scheduling Order, the parties acknowledged the difficulties that might confront this case, based on the Underlying Litigation, by outlining a three-phase approach to discovery. (*See S*ched. Order ¶ 8.d.)

## ANALYSIS

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.,* 02–CV–01934– LTB–PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Nevertheless,

> [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). A stay of proceedings is thus an appropriate exercise of this court's discretion. *Id.*

Additionally, a court may decide that in a particular case it would be wise to stay proceedings until certain challenges have been resolved. *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2040, at 198 (3d ed. 2010). When considering a stay of proceedings, this court considers: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

As discussed above, Hartford disputes both its duty to defend and its duty to indemnify Samuel.

> The duty to defend is triggered more easily, as it arises "where the alleged facts even *potentially* fall within the scope of coverage." The duty to indemnify, on the

3

> other hand, relates to an insurer's "duty to satisfy a judgment against the insured" and "does not arise unless the policy *actually* covers the alleged harm."

*Am. Family Mut. Ins. Co. v. Teamcorp,* No. 07-cv-00200-PSF-MJW, 2007 WL 3024446, at *2 (D. Colo. Oct. 16, 2007) (quoting *Constitution Assocs. v. N.H. Ins. Co.,* 930 P.2d 556, 563 (Colo. 1997)). Thus, if the court were to ultimately hold that Hartford owes no duty to defend, "there would in turn be no duty to indemnify." *Id.* "Such a holding would fully settle the dispute between the parties, and the outcome of the underlying action is immaterial to that determination." *Id.* Here, as discussed, the parties have submitted Cross-Motions for Summary Judgment on the issue of whether Hartford owes a duty to defend. Those motions are fully briefed and therefore ripe for adjudication.

However, if the court finds that Hartford does owe a duty to defend, there may also be a duty to indemnify. The Colorado Supreme Court has held generally that "a resolution of the duty to indemnify is premature where there is a duty to defend but the liability of the insured has not yet been determined." *Compass Ins. Co. v. City of Littleton,* 984 P.2d 606, 621 (Colo. 1999). Thus, it is necessary to allow a full resolution of the Underlying Litigation before proceeding on the issue of whether Hartford owes a duty to indemnify.

Under these circumstances, and considering the *String Cheese Incident* factors, the court finds that a stay of this case is warranted. Plaintiff consents to a stay—therefore, any general interest it may have in proceeding expeditiously with this action does not weigh into the court's analysis. In any event, neither the parties or the court would be well-served by proceeding on the remaining issues in this case, including Hartford's alleged duty to indemnify, before the Underlying Litigation is fully resolved. In fact, the parties would very likely be prejudiced by

4

proceeding without a resolution of the Underlying Litigation.  *Cf. Teamcorp,* 2007 WL 3024446, at *2 (denying motion for stay as premature because the parties had not yet addressed the duty to defend issue, but acknowledging that, at a later point, a stay might be appropriate as to the duty to indemnify issue).

The final two *String Cheese* factors do not prompt the court to reach a different result. Accordingly, the court finds that, except for resolution of the duty to defend issue, a stay of proceedings is warranted to allow for the resolution of the Underlying Litigation.

Therefore, it is

ORDERED that Defendant Samuel Engineering, Inc.'s "Unopposed Motion to Stay Proceedings on All Claims Beyond Those Addressed in the Pending Cross-Motions for Summary Judgment" (Doc. No. 43) is GRANTED.  All proceedings, with the exception of the parties' Cross-Motions for Summary Judgment (Doc. Nos. 20 & 21), are STAYED until resolution of the Underlying Litigation in Ontario, Canada.  No later than ten (10) days after final judgment is entered in the Underlying Litigation, the parties shall file a Joint Status Report apprising the court of the Status of the Underlying Action and advising whether the stay of proceedings should be lifted.  The court further

RECOMMENDS that District Judge Robert E. Blackburn VACATE the Final Pretrial Conference and Trial Preparation Conference set for April 4, 2014 and the seven-day Jury Trial set

for April 21, 2014.

Dated this 5th day of March, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge